# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

Justin Muncy,

             Plaintiff

v.

Brian Williams, et al.,

             Defendants

Case No.: 2:19-cv-00684-JAD-CWH

**Order Dismissing Case**

Justin Muncy brings this pro se civil rights action under 42 U.S.C. § 1983 to redress constitutional violations he alleges he suffered while an inmate at Nevada's High Desert State Prison. On April 25, 2019, this court denied Muncy's application to proceed *in forma pauperis* because it was incomplete[1] and ordered Muncy to file a new and complete application or pay the full $400 filing fee by May 25, 2019, or this case would be dismissed.[2] That deadline has passed, and Muncy has not filed another application, paid the filing fee, or otherwise responded to the order.

District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case.[3] A court may dismiss an action with prejudice based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules.[4] In determining whether to

---

[1] ECF No. 3 at 2.

[2] *Id.* at 2.

[3] *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986).

[4] *See Ghazali v. Moran*, 46 F.3d 52, 53–54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Carey v. King*, 856 F.2d 1439, 1440–

dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.[5]

I find that the first two factors—the public's interest in expeditiously resolving the litigation and the court's interest in managing the docket—weigh in favor of dismissing this case. The risk-of-prejudice factor also weighs in favor of dismissal because a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court or prosecuting an action.[6] The fourth factor is greatly outweighed by the factors in favor of dismissal, and a court's warning to a party that his failure to obey the court's order will result in dismissal satisfies the consideration-of-alternatives requirement.[7] Muncy was warned that his case would be dismissed without prejudice if he failed to file another application to proceed *in forma pauperis* or pay the full filing fee within thirty days.[6] So, Muncy had adequate warning that his failure to pay the fee or submit a completed application would result in this case's dismissal.

---

41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

[5] *Thompson*, 782 F.2d at 831; *Henderson*, 779 F.2d at 1423–24; *Malone*, 833 F.2d at 130; *Ferdik*, 963 F.2d at 1260–61; *Ghazali*, 46 F.3d at 53.

[6] *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976).

[7] *Ferdik*, 963 F.2d at 1262; *Malone*, 833 F.2d at 132–33; *Henderson*, 779 F.2d at 1424.

[6] ECF No. 3 (order).

Accordingly, IT IS HEREBY ORDERED that **this action is DISMISSED** without prejudice based on Muncy's failure to file a complete application to proceed *in forma pauperis* or pay the full filing fee in compliance with this Court's April 25, 2019 order. The Clerk of Court is directed to ENTER JUDGMENT accordingly and CLOSE THIS CASE.

Dated: June 4, 2019

_____                    _____
U.S. District Judge Jennifer A. Dorsey